The opinion of the court was delivered by
Breaux, J.
The relator sues by mandamus to compel the respondent to appropriate and set aside, an amount to pay his judg *1390 merits, amounting to $10,125.01, which were pronounced against the city of New Orleans.
They have been recorded in the office of the city comptroller in accordance with the provisions of Act No. 5 of 1870. The relator alleges that there are no funds to pay these judgments and no provision made in the budget of 1893 to pay them; and that under the provisions of the act of 1870, it is the duty of the council to annually budget for the payment of recorded judgments in the office of the comptroller.
The relator, concluding, prays for an order against the mayor and council of the city of New Orleans to compel them to make provision in the budget of 1893 for the payment of his judgments.
Respondent’s return to the writ, substantially recites that relator’s petition discloses no cause of action.
That the duties sought to be enforced are not ministerial, but involve the exercise of legislative and executive judgment and discretion, not enforceable by means of the writ of mandamus. That estimates and appropriations for the alimony and other expenses of the city of New Orleans are legislative functions with which courts will not interfere, and that in the exercise of these functions the council has appropriated the sum of $2000 for payment of the judgments recorded in the comptroller’s office under the provisions of Act 5 of 1870, as the amount for the purpose, after paying the alimony and other expenses of the municipal government. That the judgments of the relator are restricted exclusively for payment to the resources of the years 1880, 1882, 1883, 1884, 1885 and 1889, and can not be legally budgeted for out of the resources of 1893.
From the judgment rejecting his demand the relator appeals. It is a fact that each judgment contains the order that it shall be paid out of the resources of particular years.
Municipal corporations have such powers as the general laws and their charters expressly confer upon them, and such as are necessary to exercise the power conferred.
Those who contract with them are aware of the limitations of their powers. They contract with reference to existing laws.
The Act of 1877, No. 30, provides:
“ 1. That no police jury of any parish nor any municipal corporation in this State shall make any appropriation of money for any year, which appropriation, separately or together with any other *1391 appropriation or appropriations of the same year, shall be in excess of the actual revenue of said parish or municipal corporation of that year.
“ 2. That no police jury of any parish nor municipal corporation in this State shall approve any claim or make any expenditure which shall, separately or together with other claims approved or expendí-, tures made, be in excess of the actual revenue of that year.
“ 3. That the revenues of the several parishes and municipal corporations of this State of each year shall be devoted to the expenditures of that year, provided that any surplus of said revenues may be applied to the payment of the indebtedness of former years.”
The judgments relator seeks to collect are absolute in terms.
The City Charter, Act 20 of 1882, contains limitations and provides that the council shall once in twelve months, before deciding upon the amount of taxes and licenses, cause to be made out a detailed estimate of the various items of liability and expenditure, and after publication adopt it as a budget.
Prior to the act of 1870 judgments were executed against the city of New Orleans by the writ of fieri facias.
That act prohibited such a writ against the city, and substituted another method to enforce payment.
The writ of mandamus is the proper writ to compel the corporation to comply with its obligations., State ex rel. Carondelet Canal vs. Mayer et al., 30 An. 131.
The judgment is the basis upon which the writ issues and must be executed in accordance with its terms.
The legal right recoverable by mandamus is that expressed in the judgment. Judgment orders payment to be made from the revenues of specific years.
No misappropriation or diversion of funds are alleged.
Mandamus will not issue to compel the council to carry the judgment on the budget to be paid from the revenues of another year than that expressed in the judgment.
The court will refuse a mandamus if the right of the party applying therefor is not clear.
Manifestly, the right having been recognized in previous proceedings, can not be affected or changed by mandamus.
The council, in these proceedings, has no discretion on the face of the papers, enabling it to pay from other revenues than those mentioned in the judgment.
*1392 The only course left to the council was to conform strictly to the letter of the judgment. They were not authorized to vary from it, being officers with limited powers, acting under special laws.
In thus deciding we do not pass upon the validity of the judgment, or upon any of the rights the relator may have to recover in proceedings other than mandamus.
They remain unaffected, save that in these proceedings we will not grant a writ to pay from funds of a year different from the years specified.
The act must be clearly prescribed and enjoined by law. The duty must be plain and positive. State ex rel. Crawford vs. Mayer, 45 An. 278.
At the last session of the court at Shreveport, in State ex rel. Jones vs. Judge, 45 An., that principle of jurisprudence received further consideration.
The court reaffirmed the principle originally laid down in State ex rel. Pacific Railroad Co. vs. Nicholls, 30 An. 1217, in which the unanimous approval of the court render prominent the answer of the respondents: “We are public officers with limited powers, acting under a special law, not authorized to vary from it, or exercise any discretionary power in the matter.”
In a recent treatise on the subject, Morrillo on Mandamus, Sec. 50, p. 54, the principle is approvingly inserted in his text, and a number of authorities are cited in its support.
The judge of the District Court did not err in refusing the mandamus, and the judgment appealed from is therefore affirmed with costs, reserving to relator whatever rights he may have to exercise in other proceedings.